**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Johnny Valdez, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Sysco Los Angeles, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. _____<br><br>**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT FOR ERISA VIOLATIONS BASED ON DEFENDANT'S DELINQUENT UNDERFUNDING OF ITS PENSION OBLIGATIONS TO PLAINTIFF AND HIS CO-WORKERS IN VIOLATION OF 29 U.S.C. SECTIONS 1145 AND 1132**<br><br>**Bench Trial Only** |

**ORIGINAL COMPLAINT**

Plaintiff Johnny Valdez ("Plaintiff"), individually and on behalf of all other current and former truck drivers of Defendant Sysco Los Angeles, Inc. ("Sysco LA" or "Defendant"), brings this class action for delinquent and underpaid pension funding in violation of ERISA against Defendant, and alleges as follows:

## I.
## INTRODUCTION

1. This is an ERISA class action to recover Defendant's delinquent contributions and underpayments of Plaintiff's and his co-workers' annual pension contributions that Defendant agreed to pay to the Western Conference of Teamsters Pension Trust, pursuant to Article XVII of the applicable collective bargaining agreements ("CBAs") between Defendant and the Teamsters' Union, Local 848 (the "Teamsters"), pursuant to Federal Rule of Civil Procedure 23, but which were not fully paid, and are thus delinquent, on behalf of the following putative Class of beneficiaries:

> All individuals who (a) are or were employed by Defendant Sysco Los Angeles, Inc. in California as truck drivers (or in similar positions) from four years prior to the filing of this action until class certification is granted (the "Class Period"); (b) who worked more than 2,080 hours in one or more of the years of the Class Period (from October to October); and (c) who received less in their pension plan contributions to the Western Conference of Teamsters Pension Trust from Defendant in any year in the Class Period than the applicable and specified calendar year contributions due and payable from Defendant Sysco Los Angeles, Inc. as set forth in Article XVII of its governing CBAs with the Teamsters.

2. Plaintiff also seeks injunctive relief requiring Defendant to make the proper and agreed-upon contributions on a forward-going basis.

## II.
## JURISDICTION AND VENUE

3. Venue is also proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims, as well as

1
**ORIGINAL COMPLAINT**

the course of conduct charged herein, occurred in Los Angeles County within this District.

4. This Court has subject matter jurisdiction over claims against Defendant pursuant to 28 U.S.C. § 1331, since this matter arises under the laws of the United States; specifically, under 29 U.S.C. §§ 1145 and 1132(a) and (e), and thus presents federal questions.

5. Defendant is a Delaware Corporation with its principal place of business in Los Angeles, California, while Plaintiff is a California resident.

6. This Court has personal jurisdiction over Defendant because Defendant has caused injuries within the Central District of California and State of California through its acts of delinquent underpayment of pension benefits in Los Angeles County. Defendant also transacts tens, if not hundreds, of millions of dollars of business in Los Angeles, California and has obtained the benefits of the laws of the United States and the State of California and is therefore subject to the personal jurisdiction of this court.

7. Venue is also proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims, as well as the course of conduct of Defendant charged herein, occurred in Los Angeles County within this District.

### III.
### THE PARTIES

8. Plaintiff Johnny Valdez is a truck driver currently employed by Sysco Los Angeles, Inc. and who has been employed by Defendant for more than 30 years.

9. Plaintiff and the Class Members, at all times pertinent hereto, are and/or have been employed by Defendant, as non-exempt hourly truck driver employees in California.

10. Defendant is a Delaware corporation with its principal place of business in Los Angeles, California and is part of the Sysco Foods family of companies.

## IV.

## FACTUAL BACKGROUND

11. During the Class Period, Defendant's truck drivers have been represented by the Teamsters' Union, Local 848, which entered into the governing CBAs with Defendant, including the CBA that governed from 2014 to 2020, and the current CBA now in effect through the present date (collectively, the "governing CBAs").

12. The governing CBAs contained, *inter alia,* the annual pension contribution amounts that Defendant agreed to fund and pay to the Western Conference of Teamsters Pension Trust on behalf of, and into the particular pension funds of, Plaintiff and the Class Members on top of their regular compensation.

13. Specifically, Article XVII of the governing CBAs states that, provided that drivers work at least 2,080 hours per year, from October to October, Defendant will fund their annual pensions based on the following scale:

    (a) $13,950.72 for the period from October 2019 to October 2020;

    (b) $15,840.60 for the period from October 2020 to October 2021;

    (c) $16,681.60 for the period from October 2021 to October 2022;

    (d) $17,513.60 for the period from October 2022 to October 2023; and

    (e) $18,345.60 for the period from October 2023 to October 2024.

14. Throughout the Class Period, however, Plaintiff and approximately 500 of his current and former truck driver co-workers, including 300 drivers who were working at any one time, routinely worked more than 2,080 hours per year from October to October, as documented in Defendant's payroll records and pension fund records, but Defendant routinely funded the pensions of Plaintiff and the Class Members less than the above-specified annual funding amounts, by roughly $1,000 per year per Class Member, thereby underpaying and underfunding the amounts that Defendant had agreed upon in Article XVII of the governing CBAs for annual funding of pensions for Plaintiff and his fellow Class Members during and throughout

the Class Period.

15. In 2022, for example, Plaintiff worked for 2,080 hours (or more), and should have earned, and should have received from Defendant, a pension payment of $16,681.60, but Plaintiff's records received from the Western Conference of Teamsters Pension Trust show that Defendant funded his pension in an amount that was roughly $1,020 less than the amount due for 2022. On information and belief, this was true for Plaintiff and all of the other Class Members as well, not only for 2022, but throughout the Class Period for all of the Class Members.

16. As a result, Plaintiff and his fellow Class Members have significantly less in their pension plan accounts than they would have had, by approximately $1,000 per Class Member for each calendar year, or roughly by about $4,000 in total for those Class Members who worked for Defendant throughout the Class Period, which is the vast majority of the Class Members.

17. Notably, in 2023, Plaintiff and several Class Members filed internal complaints or grievances with Defendant about Defendant's underpayment and delinquent pension plan funding problems, to no avail. To date, Defendant continues to underfund Plaintiff's and the Class Members' annual pensions exacerbating the prior pension funding delinquencies for Plaintiff and the Class Members that are at the heart of this class action lawsuit.

18. Under 29 U.S.C. section 1145 of ERISA, employers who are obligated to make annual contributions to a pension plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such agreement. The statute of limitations for an action under ERISA to recover delinquent contributions from a California employer is four years. *See No. Cal. Retail Clerks Unions & Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990).

19. Pursuant to 29 U.S.C. section 1145, Plaintiff now seeks the relief set

forth below, consisting of delinquent monetary payments due from Defendant to the Western Conference of Teamsters Pension Trust Plan to fund the shorted amounts due and payable to Plaintiff and the Class, and a Court order requiring Defendant to pay the proper amounts going forward. Plaintiff estimates that the amount of delinquent payments, excluding interest and fees, is likely around $300,000 per year, or around $1,200,000 for the portion of the Class Period arising prior to the filing of this lawsuit.

## V.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself, and all others similarly situated as a Class Action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following Class, composed of and defined as follows:

> All individuals who (a) are or were employed by Defendant Sysco Los Angeles, Inc. in California as truck drivers (or in similar positions) from four years prior to the filing of this action until class certification is granted (the "Class Period"); (b) who worked more than 2,080 hours in one or more of the years of the Class Period (from October to October); and (c) who received less in their pension plan contributions from Defendant to the Western Conference of Teamsters Pension Trust in any year in the Class Period than the applicable and specified calendar year contributions due and payable from Defendant Sysco Los Angeles, Inc. as set forth in Article XVII of its governing CBAs with the Teamsters.

21. Plaintiff reserves the right under the federal rules to amend or modify the class definition with greater specificity, by division into subclasses, or by limitation to particular issues.

22. This action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure 23 because the Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Class; Plaintiff's claims and Defendant's defenses are

typical to those of the Class; questions of law or fact common to Class Members predominate over any questions affecting only individual members; and a Class Action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**A. Numerosity**

23. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of proposed Class Members has not been determined at this time, Plaintiff estimates that there are approximately 500 individuals in the Class.

24. Plaintiff alleges that Defendant's employment records will provide information as to the number and location of all proposed Class Members. Joinder of all members of the Proposed Class is not practicable.

**B. Commonality**

25. There are questions of law and fact common to the Class that predominate over any questions affecting only individual proposed Class Members. These common questions of law and fact include, without limitation:

   i. Whether Defendant was delinquent in funding Class Members' annual pension contributions at less than the agreed upon amounts set forth in Article XVII of the applicable CBA (a common factual question);

   ii. Whether Defendant's underpayment of pension contributions for Plaintiff and the Class Members violated ERISA's delinquent pension funding provision, set forth at 29 U.S.C. §§ 1145 (a common legal question); and

   iii. Whether the Court should issue an injunction requiring Defendant to make future pension plan contributions in accordance with Article XVII of the governing CBA.

///

### C. Typicality

26. The claims of Plaintiff are typical of the claims of the Proposed Class. Plaintiff and all members of the Proposed Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein; specifically, all of their pension accounts have been underfunded and thus all Class Members have suffered delinquent and underfunded pensions, and have lost pension benefits to due them as a result of Defendant's violation of law.

### D. Adequacy of Representation

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff and the Proposed Class are competent and experienced in litigating employment-related class actions, and have the financial resources to litigate the claims at issue.

### E. Superiority of Class Action

28. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Putative Class.

29. Each member of the Putative Class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to pay all annual pension contributions due to the Class Members in accordance with Article XVII of the governing CBAs.

30. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

31. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class

action.

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO FUND AND PAY ALL ANNUAL PENSION FUND CONTRIBUTIONS DUE IN VIOLATION OF ERISA**
**[On Behalf of Plaintiff and the Class Members Against Defendant]**
**[29 U.S.C. Sections 1145 and 1132]**

32. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates by reference all previous paragraphs.

33. The actionable period for this cause of action is four years prior to the filing of this action through the present, and on-going until the violations are corrected or the Class is certified.

34. 29 U.S.C. Section 1145, entitled "Delinquent Contributions", provides as follows: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

35. As alleged above, Defendant failed to fund and pay its annual pension contributions to Plaintiff and his fellow truck driver co-workers in the Class in accordance with the unambiguous promises as to amounts that Defendant made and set forth in Article XVII of the governing CBA between the Teamsters and Defendant.

36. 29 U.S.C. section 1132(a) of ERISA, entitled "Persons Empowered to Bring a Civil Action", provides:

"A civil action may be brought—

(1) by a participant or beneficiary …

(B) to recover benefits due to him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" [and …]

(3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

37. Pursuant to these provisions of ERISA, Plaintiff brings this suit to recover benefits due to him (i.e., the delinquent and underfunded amounts of his annual pension contributions due and payable from Defendant to the Western Conference of Teamsters Pension Trust for, and on behalf of, Plaintiff); to recover delinquent and underfunded amounts due and payable to the Western Conference of Teamsters Pension Trust for, and on behalf of, all of the similarly situated Class members; and to obtain an order from this court or injunction requiring Defendant to properly fund and pay its pension contributions to the Western Conference of Teamsters Pension Trust for, and on behalf of, Plaintiff and the Class Members annually in the future in accordance with the amounts set forth in Article XVII of the governing CBA.

38. Since ERISA cases are tried before the Court, in bench trials, and not before juries, Plaintiff requests a bench trial of his cause of action and the relief requested herein.

## VII.
## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, individually and on behalf of the putative Class, prays for the following relief:

1. An order certifying this case as a class action under Rule 23;

2. An order stating that Defendant has underfunded the pension payments

due and payable to the Western Conference of Teamsters Pension Trust on behalf of, and for, Plaintiff and the Class Members, throughout the Class Period;

  3. An award of all of the delinquent and/or underfunded annual pension benefit amounts due, payable and owing from Defendant to the Western Conference of Teamsters Pension Trust on behalf of, and for, Plaintiff and the Class Members during and throughout the Class Period;

  4. An award of interest on the amounts of unpaid or underpaid contributions that are due and owing from Defendant to the Western Conference of Teamsters Pension Trust on behalf of, and for, Plaintiff and the Class;

  5. Pursuant to 29 U.S.C section 1132(g), an award of attorneys' fees and costs of suit against Defendant and to Plaintiff and the Class;

  6. An order and/or injunction requiring Defendant to fund and pay its annual pension contributions to the Western Conference of Teamsters Pension Trust on behalf of, and for, Plaintiff and the Class in accordance with Article XVII of the governing CBA on a forward going basis; and

  7. Such other and further relief as this Court may deem proper and just.

Dated: December 15, 2023   ACKERMANN & TILAJEF, P.C.

          By: */s/Craig J. Ackermann*
            CRAIG J. ACKERMANN, ESQ.
            Attorneys for Plaintiff and the Putative Class