ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Attorneys for Plaintiff and the Putative Class

Evan E. Kroll, Bar No. 333754
ekroll@littler.com
LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Attorneys for Defendant
SYSCO LOS ANGELES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO LOS ANGELES, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:23-CV-10504 CBM (KS)<br><br>**NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL**<br><br>**[Fed. R. Civ. Proc. 41(a)(1)(A)(i)-(ii)]**<br><br>Complaint Filed: December 15, 2023<br>Trial Date: Not set |

1	Plaintiff JOHNNY VALDEZ ("Plaintiff") and Defendant SYSCO LOS
2	ANGELES, INC. ("SYSCO") (Sysco and Plaintiff are collectively the "Parties"), by
3	and through their respective counsel, hereby stipulate and jointly request that the Court
4	dismiss Plaintiff's action with prejudice.
5	WHEREAS, on December 15, 2024, Plaintiff filed a putative class action in the
6	United States District Court for the Central District of California;
7	WHEREAS, in an effort to resolve this matter early, the Parties jointly stipulated
8	to extend Defendant's responsive pleading deadline, which is currently due May 27,
9	2024. As such, Defendant has not filed a responsive pleading as of this filing; and,
10	WHEREAS, the Parties have reached a settlement of all of Plaintiff's claims
11	asserted in the instant lawsuit, necessitating a dismissal of this action with prejudice as
12	to Plaintiff's individual claims and without prejudice as to the claims of the putative
13	class.
14	WHEREAS, no monetary consideration is being exchanged as part of this
15	individual Settlement, but instead Defendant has provided substantial documentation to
16	Plaintiff's counsel showing that it properly funded Plaintiff's and the putative class's
17	pension obligations per the applicable provisions of the governing collective bargaining
18	agreements and, to the extent there remain issues as to vested pension amounts in the
19	Western Conference of Teamsters Pension Trust Fund, those issues will need to be
20	addressed separately by Plaintiff and the putative class members with the Fund itself;
21	WHEREAS, Plaintiff's counsel has submitted herewith a declaration explaining
22	why dismissal of the claims of the putative class without prejudice is appropriate, as
23	arguably required by Rule 23(e), and why dismissal of his individual claims with
24	prejudice is appropriate in light of Defendant's confirming documentation showing that
25	it properly funded Plaintiff's and the putative class's pension obligations;
26	NOW THEREFORE, the Parties stipulate and request that Plaintiff's individual
27	claims be dismissed with prejudice, and the claims of the putative class be dismissed
28	without prejudice, pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1)(A)(i)

and (ii).

**IT IS SO STIPULATED**

Dated:     May 24, 2024              ACKERMANN & TILAJEF, P.C.

                                     */s/Craig J. Ackermann*
                                     Craig J. Ackermann

                                     Attorneys for Plaintiff
                                     JOHNNY VALDEZ


                                     LITTLER MENDELSON, P.C.

                                     */s/ Evan E. Kroll*
                                     Evan E. Kroll

                                     Attorneys for Defendant
                                     SYSCO LOS ANGELES, INC.


### **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(2)(i) of the United States District Court, Central District of California, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.


Dated: May 24, 2024                  */s/Craig J. Ackermann*
                                     Craig J. Ackermann